1  MORGAN, LEWIS & BOCKIUS LLP
   KATHY H. GAO, State Bar No. 259019
2  kathy.gao@morganlewis.com
   300 South Grand Avenue
3  Twenty -Second Floor
   Los Angeles, CA  90071-3132
4  Tel:    213.612.2500
   Fax:   213.612.2501
5
   Attorneys for Defendant
6  MORNING VIEW HOTELS-BH I, LLC

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, | Case No. 2:20-CV-11232 |
| Plaintiff, | [L.A. Sup. Ct. Case No. 20STCV42107] |
| vs. | **NOTICE OF REMOVAL OF DEFENDANT MORNING VIEW HOTELS-BH I, LLC** |
| **Morning View Hotels-BH I, LLC**, a Delaware L:imited Liability Company; and Does 1-10, | [28 U.S.C. §§ 1331, 1367, 1441, and 1446] |
| Defendants. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF ORLANDO GARCIA AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Morning View Hotels-BH I, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, to this Court pursuant to 28 U.S.C. sections 1331, 1367, 1441, and 1446. Removal is based on the following grounds:

## PROCEDURAL BACKGROUND

1. On November 3, 2020, Plaintiff Orlando Garcia ("Plaintiff") filed a complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV42107 alleging the following causes of action: (1) violation of the Americans with Disabilities Act of 1990; and (2) violation of the Unruh Civil Rights Act ("Complaint").

2. Plaintiff served his Complaint on Defendant on November 10, 2020. Attached hereto as **"Exhibit A"** is a true and correct copy of Plaintiff's Summons, Complaint, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, First Amended General Order, and alternative dispute resolution information and related documents that were served on Defendant. Exhibit A includes a Notice of Case Management Conference that was not served on Defendant but that Defendant obtained from the Los Angeles County Superior Court's docket.

3. On December 10, 2020, Defendant filed an Answer to Plaintiff's unverified Complaint in the Los Angeles County Superior Court. Attached hereto as **"Exhibit B"** is a true and correct copy of Plaintiff's Answer.

4. Exhibits A and B constitute all process, pleadings, and orders that have been filed in this action according to the Los Angeles County Superior Court's docket.

## TIMELINESS

5. This Notice of Removal is timely filed, pursuant to 28 U.S.C. section 1446(b) because it is "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." No previous Notice of Removal has been filed or made with this Court for the relief sought.

## FEDERAL QUESTION JURISDICTION

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. sections 1331 because district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case generally "arises under" federal law when the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28; 103 S. Ct. 2841, 2847-2848; 77 L. Ed. 2d 420, 431 (1983) (emphasis omitted) (superseded by statute on other grounds). Indeed, a single claim over which federal question jurisdiction exists is sufficient for removal. See *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). Plaintiff's action arises under the Americans with Disabilities Act of 1990, codified as 42 U.S.C. §§ 12101 *et seq.*, and thus, this action is one over which this Court has original jurisdiction.

7. The removal of this civil action is therefore proper under 28 U.S.C. § 1441(a) because this is a civil action brought in state court over which the district courts of the United States have original jurisdiction, and this District Court embraces the place in which the state action is pending. Under the well-pled complaint rule, a defendant may remove a case if the complaint establishes that the case "arises under" federal law. *See Franchise Tax Bd.*, 463 U.S. at 10.

8. "[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S. Code § 1367(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (holding that when a district court has original jurisdiction over claims arising under federal law, it will also have supplemental jurisdiction over related state law claims). This Court has supplemental jurisdiction over the single state law claim Plaintiff alleges because the state law claim is so related to Plaintiff's federal claim under the Americans with Disabilities Act that they form part of the same case or controversy as Plaintiff's federal claim, and all of Plaintiff's claims arise from the same "common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

9. "Because the Unruh Act has adopted the full expanse of the ADA, it must follow, that the same standards for liability apply under both Acts." *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004) (citations and quotation marks omitted).

### **NO OTHER PARTIES NEED TO JOIN THIS REMOVAL**

10. All defendants who have been named in this lawsuit have signed this Notice of Removal.

### **VENUE**

11. Venue is proper in this district, pursuant to 28 U.S.C. section 1441(a), because the U.S. District Court for the Central District of California, Western Division, is the judicial district and division embracing the place where the state court case is pending.

### **NOTICE OF REMOVAL**

12. Defendant will promptly serve this Notice of Removal on Plaintiff and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, for the County of Los Angeles, as required under 28 U.S.C. § 1446(d).

**NOW THEREFORE,** Defendant respectfully requests that this action be

removed from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, and that all proceedings hereinafter in this matter take place in the United States District Court for the Central District of California.

Dated: December 10, 2020            MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Kathy H. Gao*
     KATHY H. GAO
     Attorneys for Defendant
     MORNING VIEW HOTELS-BH I, LLC

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On December 10, 2020, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF DEFENDANT MORNING VIEW HOTELS-BH I, LLC**

**CIVIL CASE COVER SHEET**

in a sealed envelope, postage fully paid, addressed as follows:

CENTER FOR DISABILITY ACCESS          *Attorneys for Plaintiff*
Raymond Ballister Jr., Esq.
Russell Handy, Esq.
Amanda Seabock, Esq.
Zachary Best, Esq.
8033 Linda Vista Road, Suite 200
San Diego, CA 92111

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on December 10, 2020, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Lucy Mata*
Lucy Mata